KNAPP BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19430. Promulgated October 30, 1928.

*Maynard Teall, Esq.*, and *A. G. Wallerstedt, C.P.A.*, for petitioner. *A. C. Baird, Esq.*, for the respondent.

OPINION.

MURDOCK: The Revenue Act of 1921 in section 234 (a) 1 allows the deduction of a reasonable allowance for salaries or other compensation for personal services actually rendered. The Commissioner in explanation of the disallowance of salaries states in the deficiency notice that salary in the form of a distribution of profits has been disallowed. It is not possible from this explanation to tell just how much of the salary paid to each of the three officers the Commissioner determined was properly deductible. However, we are satisfied that the salary of $1,560 paid to Henry Knapp in each of the taxable years should be allowed as part of the deduction.

In a business such as that conducted by this corporation, where the product sold is of such a perishable nature, success or failure depends to a very large extent upon expert management. The expert management of Lawrence Knapp was largely responsible for the petitioner's success, and we are of the opinion that his salary was reasonable.

The amount of the salary paid by the corporation to Anna Knapp is in our opinion unreasonably large for the services which she rendered to the petitioner. We are satisfied from the evidence that Lawrence Knapp was entirely capable of managing the petitioner's business without any advice from his wife.

The latter was not regularly engaged in the petitioner's business. Occasionally, at the request of her husband, she gave a little of her time to some matters pertaining to the petitioner's business. Most of the things which she did for the corporation could have been done by almost anybody of average intelligence. It is true that in the taxable year 1922 she obtained for the petitioner three very valuable accounts and she was undoubtedly entitled to some compensation for her work during this year. It is difficult for us to determine an amount which would represent reasonable compensation for the services performed by her. However, we are satisfied that in no event would this amount exceed $1,500. Therefore, we hold that the total deduction for salaries to be allowed the petitioner for the taxable year 1922 should include $1,500 as her compensation.

*Judgment will be entered under Rule 50.*